Bates *v.* Sargent.

ADNA BATES *versus* JOHN SARGENT *& als., Appellants.*

On an appeal from the decree of a Judge of Probate, made on a petition under c. 71, § 17 of R. S., to empower an administrator to execute a deed to carry into effect a legal contract made by the deceased, *it was held :* —

1. That an heir at law of the deceased was a party entitled to the right of appeal ; —

2. The statute refers only to *legal* contracts, in force at the death of the obligor, the performance of which was by his death prevented ; —

3. The statute was not intended to oust the Supreme Court of its equitable jurisdiction, or to restrict its exercise ; —

4. If, after forfeiture of the bond, payments had been made, his rights arising therefrom can only be enforced by proceedings in equity ; —

5. The provisions of the statute cannot apply to verbal contracts, void by the statute of frauds.

REPORTED from *Nisi Prius*, DANFORTH, J., presiding.

This was an APPEAL from a decree of the Judge of Probate for the county of Washington.

The petitioner, under the provisions of c. 71, § 17, of the Revised Statutes, made application to the Judge of Probate to grant authority to A. B. Getchell, the administrator of the estate of James Sargent, to convey to him a certain parcel of land, which said decedent had in his written obligation, dated May 25th, 1858, covenanted to convey to him, on the performance of certain conditions therein specified, on the part of the petitioner ; that he has in part already performed the conditions specified, and is now ready to comply fully with the conditions on his part to be performed. The obligation was on condition that said Bates paid at maturity three promissory notes, of the same date of the bond, payable in one, two and three years with interest.

He further represents that said Sargent, now deceased, in the year 1863, sold him another lot, (described in his petition,) as he will be able to prove, and that he has performed the conditions on his part to entitle him to a deed thereof, but the said Sargent has been prevented by death from executing to him a deed of conveyance thereof.

The Judge of Probate decreed authority as prayed for, and the heirs at law of said deceased appealed therefrom.

On the hearing at *Nisi Prius*, the petitioner introduced the obligation of said deceased. He also introduced the administrator as a witness, who produced two notes, dated May 25, 1858, signed by the petitioner, on the back of one of which was an indorsement, dated Dec. 3d, 1862; and testified that he found said notes among the papers of his intestate, and that the indorsement on said note is in the handwriting of said intestate; that he does not find the other note described in the bond.

He testified further that the petitioner had deposited in his hands money to the amount due on said notes, to pay the same if license to convey should be granted.

*Downes & Cooper*, for the petitioner.

*Granger*, for the appellants.

The opinion of the Court was drawn up by

APPLETON, C. J.— This is a petition, under R. S., 1857, c. 71, § 17, to the Judge of Probate of Washington county, to authorize the administrator of James Sargent to carry into effect a bond given by said Sargent to the petitioner, to convey certain real estate therein described, upon the performance, on his part, of certain specified conditions. The petition likewise relates to certain other lands embraced in a contract between these parties not reduced to writing. Upon the hearing, the Judge of Probate *decreed* that the administrator be authorized and empowered to make and execute deeds of the several tracts according to the prayer of the petitioner.

From this decree the appellants, heirs at law of said Sargent, appealed, and the first question presented for consideration is whether the appeal is properly taken.

By R. S., 1857, c. 63, § 19, "any person aggrieved by any order, sentence, *decree* or denial of such Judges (of Probate) may appeal therefrom to the Supreme Court, to

be held within and for the same county," &c. The appellants, as heirs at law, are interested and may be aggrieved if license or authority to sell the estate of their ancestor should be improvidently granted. A person interested may appeal from a decree licensing the sale of real estate. *Smith* v. *Dutton*, 16 Maine, 309. So, from an appeal granting an allowance to the widow, though the amount to be allowed is within the discretion of the Judge of Probate. *Cooper, Appellant*, 19 Maine, 260. A decree of the Judge of Probate, granting leave to a creditor of an insolvent estate to institute a suit at common law, is subject to the right of appeal. *Leighton* v. *Chapman*, 30 Maine, 538. The appeal we think well taken.

In *Emery* v. *Sherman*, 2 Greenl., 93, the administrator was the party appealing. It is obvious that he could not be aggrieved, for he might, or might not, execute the deed prayed for by the petition, as he should be advised his duty as a faithful administrator would require.

By R. S., 1857, c. 71, § 17, "when it appears to the Judge of Probate having jurisdiction, that any deceased person in his life time made a *legal contract to convey real estate and was prevented by death from so doing*, and that the person contracted with, a petitioner, has performed, or is *ready to perform the conditions required of him by the terms thereof*, he may, on the petition of such person, his heirs, assigns, or his legal representatives, authorize the executor or administrator of the deceased to execute deeds to carry said contract into effect," &c.

This section relates only to *legal* contracts in force at the death of the obligor, the performance of which was by his death prevented. It enables the Judge of Probate, in such cases, to empower the administrator, upon legal performance of the conditions required of the person with whom the contract is made, to convey the real estate agreed to be conveyed. It was not intended to oust this Court of its equitable jurisdiction or to limit or restrict its exercise.

At the death of Sargent, the remedy of the petitioner, if

any, was by bill in equity. The conditions of the bond had not been complied with in the life time of the obligor. The performance of those conditions had not been prevented by the death of the obligee. He does not, therefore, bring himself within the statute upon which he relies, whatever may be his equitable rights arising from payment since the forfeiture of the bond.

The verbal contract between the parties, referred to in the petition, is void by the statute of frauds, and cannot be enforced.

As the petitioner is ready and willing to perform the contract on his part, costs are not allowed either party.

*Decree reversed—without costs to either party.*

CUTTING, DAVIS, KENT and WALTON, JJ., concurred.